*Jennifer R. Alderfer, Esquire*
*Case DiGiamberardino & Lutz, P.C.*
*845 North Park Road, Suite 101*
*Wyomissing PA 19610-1342*
*610-372-9900 ext 229*
*610-372-5469 fax*
*jra@cdllawoffice.com*
*Attorney ID #93156*
*Attorney for Debtor*

_____

United States Bankruptcy Court
Eastern District of Pennsylvania

In re:    **Dietrich's Specialty Processing LLC**               Case No.    **10-21399-ref**
Debtor                                       Chapter    **11**

### DEBTOR'S MOTION FOR AN ORDER AUTHORIZING PAYMENT OF PRE-PETITION EMPLOYEE WAGES, BENEFITS, AND RELATED ITEMS

AND NOW COMES Dietrich's Specialty Processing LLC, Debtor, by and through its attorney, Jennifer R. Alderfer, Esquire, and moves this court for entry of an order authorizing the Debtor to pay pre-petition employee wages, benefits, business expenses, and related items, and respectfully represents as follows:

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and this is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      An Order for Relief was entered under chapter 11 of the United States Bankruptcy Code, Title 11 U.S.C. § 1101 et seq., on May 10, 2010.  Debtor is continuing to operate its business as debtor in possession under §§ 1107 and 1108 of the Bankruptcy Code.  No trustee or official committee of unsecured creditors has been appointed in this case.

3.      The Debtor's facility is located in Reading, Pennsylvania and was built in 2007.  It is currently in operation as a versatile contract spray drying and processing facility.  The facility is set up for short production runs and customized ingredient formulations, which include infant formulas and flavor extracts.

### Pre-petition Compensation

4.      As of the petition date, the Debtor had twenty-two employees.  The Debtor pays its employees on a weekly basis, and the employees are owed or have accrued various sums for pre-petition compensation for the week ending May 8, 2010.  These amounts remained unpaid on the petition date because, among other things:

a.      the Debtor would pay its employees on May 14, 2010 for the week ending May 8, 2010;

b.      checks previously issued on account of such obligations may not have been presented for payment or may not have cleared the banking system;

c.      amounts related to pre-petition services, while accrued in whole or in part, had not yet become due and payable by the Debtors; and

d.      amounts deducted from employee paychecks were not then due to be paid over to the intended recipient or account, including

i.      deductions taken from employees' paychecks to make payments on behalf of the employees for or with respect to, for example, the Debtor's employee benefit programs or amounts due third parties; and

ii.      withholdings from employees' paychecks on account of various federal, state or local income taxes, FICA, Medicare, state disability, unemployment and other taxes for remittance to the appropriate federal, state or local taxing authority.

5.      Debtor estimates that the total amount of unpaid gross wages, salaries, and other compensation was approximately $17,273.88 and the total amount of unpaid deductions and withholdings was approximately $3,907.64 as of the petition date.  The Debtor seeks authorization to honor and pay pre-petition compensation.

**Pre-petition Benefits**

6.      The pre-petition benefits relate to the Debtor's employee benefit programs, including:

a.       benefit plans such as medical, dental and/or insurance; and

b.      a 401(k) savings plan for certain employees (collectively, the Benefit Programs).

7.      Certain pre-petition benefits were owed but remain unpaid as of the petition date because certain obligations under the Benefit Programs have accrued either in whole or in part prior to the petition date, but will not become payable in the ordinary course of the Debtor's business until a later date.  The Debtor seeks authority to pay all pre-petition benefits that as of the petition date, had accrued but remained unpaid.  The Debtor seeks authorization to pay all accrued but unpaid pre-petition benefits.

**Costs and Expenses Incident to the Foregoing**

8.        The Debtor incurs costs incident to pre-petition compensation and deductions, such as processing costs and the employer portion of payroll-related taxes, as well as accrued but unpaid pre-petition charges for administration of the pre-petition benefits.  Payment of the pre-petition processing costs is justified because failure to pay any such amounts might disrupt services provided by third-party providers with respect to pre-petition compensation, deductions, and pre-petition benefits.  The Debtor seeks authorization to pay all pre-petition processing costs.

**Relief Requested**

9.        The payment of pre-petition compensation, pre-petition benefits and pre-petition processing costs is warranted under §§ 105(a), 363, 507(a)(4), 507(a)(5), 541(b)(7), and 541(d) of the Bankruptcy Code.

10.        Debtor asserts that employee wages and related costs enjoy priority status under the Bankruptcy Code.

11.         Debtor believes that the amount of pre-petition compensation owing to employees will not exceed the sum of $10,950 allowable as a priority claim under § 507(a)(4) and in any event, no employee will be paid any amount in excess of that authorized by § 507(a)(4).  Therefore, the payment of these amounts pursuant to this motion would not deplete assets otherwise available to other unsecured creditors under a plan.

12.        Section 541(d) of the Bankruptcy Code provides that "property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest" becomes property of a debtor's estate only to the extent of the debtor's legal title therein.  11 U.S.C. § 541(d).  Property that a debtor holds in trust for another is not property of the estate within the meaning of § 541.  *See Golden v. The Guardian*, 343 B.R. 96, 100 (Bankr. D. Del. 2006); *see also In re Columbia Gas Sys., Inc.,* 997 F.2d 1039, 1059 (3d Cir. 1993).

13.        Taxes collected on behalf of taxing authorities are not property of the estate.  *See Beiger v. IRS*, 496 U.S. 53, 59 (1990).  Accordingly, such funds are not available for general distribution to a debtor's creditors.

14.        The withholdings are held in trust for the benefit of the appropriate federal, state, or local taxing authorities.  Likewise, the deductions are also held in trust for the Debtor's employees themselves.  As such, the withholdings and deductions are not property of the Debtor's estate within the meaning of § 541.

3

15.      Further, many federal state and local taxing authorities impose personal liability on the officers and directors of entities responsible for collecting taxes from employees to the extent any such taxes are collected but not remitted.  If these amounts remain unpaid, there is a risk that the Debtor's officers and directors may be subject to lawsuits which would constitute a significant distraction for officers and directors at a time when they should be focused on the Debtor's efforts to reorganize.

16.      The doctrine of necessity provides a further basis for granting the requested relief because such payments are essential to the continued operations of the debtor.  *See In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 176 (Bankr. S.D.N.Y. 1989).

17.      The relief sought herein would allow the debtor to bolster workforce morale, continue the "business as usual" atmosphere, and preserve the Debtor's relationships with vendors, and crucially, customers, because Debtor's employees are their face to the world.  The creditors of the Debtors will ultimately benefit from the payment of these pre-petition claims.

18.      Based on the foregoing, Debtor submits that the payment of the employee-related obligations as requested herein is:

a.      necessary and essential for the Debtor's reorganization;

b.       in the best interests of the Debtor, its estate, and its creditors; and

c.      necessary to prevent immediate and irreparable harm to the Debtors, its estate, and its employees.

WHEREFORE, Dietrich's Specialty Processing LLC, Debtor, hereby respectfully requests this Honorable Court to grant it the authority to pay pre-petition wages, benefits, and related items and such other and further relief as the Court may deem proper.

Case DiGiamberardino & Lutz, P.C.

May 11, 2010                                                              By:            s/ *Jennifer R. Alderfer*